## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES STEEL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.          ) | Court No. 14- *00201* |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff United States Steel Corporation, by and through its attorneys, alleges and states as follows:

### JURISDICTION

1.     Plaintiff brings this action to contest certain aspects of the final antidumping duty determination issued by the  International Trade Administration of the U.S. Department of Commerce (the "Department") in Certain Oil Country Tubular Goods from Saudi Arabia, 79 Fed. Reg. 41986 (Dep't Commerce July 18, 2014) (final determ.) ("Final Determination"), as amended in Certain Oil Country Tubular Goods from Saudi Arabia, 79 Fed. Reg. 49051 (Dep't Commerce August 19, 2014) (amended final determ.) ("Amended Final Determination").

2.     This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

3.     Plaintiff is a domestic manufacturer of oil country tubular goods ("OCTG") and is therefore an interested party within the meaning of 19 U.S.C. §§ 1677(9)(C) and 1516a(f)(3) and 28 U.S.C. § 2631(k)(1).

4.     Plaintiff was a petitioner and actively participated in the antidumping duty investigation that gave rise to the contested determination. Plaintiff was therefore a "party to the proceeding" and is entitled to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5.     The Department published notice of the final determination on July 18, 2014. See Final Determination, 79 Fed. Reg. at 41986. On August 19, 2014, the Department published an amended final determination in which it calculated a *de minimis* dumping margin for the sole mandatory respondent in the investigation and, as a result, made a negative determination of sales at less than fair value. See Amended Final Determination, 79 Fed. Reg. at 49051. The Summons in this case is being filed concurrently with this Complaint, and both are being filed within 30 days of the publication of the final negative determination by the Department. Accordingly, this action has been commenced within the period specified in 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(ii).

## PROCEDURAL HISTORY

6.     On July 29, 2014, the Department initiated an antidumping duty investigation of OCTG from Saudi Arabia. See Certain Oil Country Tubular Goods from Saudi Arabia, 78 Fed. Reg. 45505 (Dep't Commerce July 29, 2013) (notice of initiation). The period of investigation ("POI") was from July 1, 2012 through June 30, 2013. See Certain Oil Country Tubular Goods

2

from Saudi Arabia, 79 Fed. Reg. 10489 (Dep't Commerce Feb. 25, 2014) (prelim. determ.). Jubail Energy Services Company and Duferco S.A. (collectively "JESCO") served as the sole mandatory respondent in the investigation. See id.

7.      On February 25, 2014, the Department published its preliminary determination in the investigation. See id.

8.      On July 18, 2014, the Department published its final determination in the investigation, calculating a dumping margin of 2.69 percent for JESCO. Final Determination, 79 Fed. Reg. at 41986.

9.      In the final determination, the Department found that although JESCO had a viable home market during the POI, it had no home market sales in the ordinary course of trade that could be used as a basis for normal value. See Issues and Decision Memorandum in Final Determination at Comment 4.  As a result, the Department found that normal value should be based on constructed value ("CV").  Id.  CV includes, among other things, an amount for profit. See id. (citing 19 U.S.C. § 1677b(e)(2)).  The Department determined that JESCO's sales of OCTG to Colombia represented "the best available option" for determining CV profit and calculated CV profit for the final determination based on those sales.  Id.

10.     On August 19, 2014, the Department published an amended final determination in which it addressed a purported ministerial error in its calculation of CV profit based on JESCO's sales of OCTG to Colombia.  In the amended final determination, the Department calculated a *de minimis* dumping margin for JESCO.  See Amended Final Determination, 79 Fed. Reg. at 49052.

## STATEMENT OF CLAIMS

### First Claim

11.   Paragraphs 1-10 are hereby incorporated by reference.

12.   The Department erred in calculating CV profit based on JESCO's sales of OCTG to Colombia. The Department's determination of CV profit is not supported by substantial evidence and is otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.   Hold that the portions of the Department's final determination and amended final determination that are complained of above are not supported by substantial evidence and are otherwise not in accordance with law;

2.   Remand this matter to the Department for disposition consistent with the final opinion and order of the Court; and

3.   Provide such further relief as this Court deems just and proper.

Respectfully submitted,

Robert E. Lighthizer
Jeffrey D. Gerrish
Luke A. Meisner
**SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP**
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

On behalf of Plaintiff United States Steel
Corporation

Dated:  8/26/14

1321016.02-WASSR01A - MSW

## U.S. COURT OF INTERNATIONAL TRADE

### United States Steel Corporation v. United States,

### Court No. 14- 00201

### PUBLIC CERTIFICATE OF SERVICE

I hereby certify that the foregoing submission was served on this 26th day of August, 2014, by certified mail, return receipt requested, on the parties listed below:

Roger B. Schagrin, Esq.
**SCHAGRIN ASSOCIATES**
900 Seventh Street, N.W.
Suite 500
Washington, D.C. 20001

*On behalf of Boomerang Tube, Energex Tube, a division of JMC Steel Group, Northwest Pipe Company, Tejas Tubular Products, TMK IPSCO, and Welded Tube USA Inc.*

John M. Gurley, Esq.
**ARENT FOX LLP**
1717 K Street, N.W.
Washington, D.C. 20036-5342

*On behalf of Jubail Energy Services Company and Duferco Steel Inc.*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By:     Jieming Chu
         Legal Assistant